■ GRAYBAR ELECTRIC COMPANY, INC., Appellant, v J.A. VALENTI ELECTRIC Co., Respondent.—In an action, *inter alia,* to recover the amount of goods and materials sold to the defendant, the plaintiff appeals (1) from so much of an order of the Supreme Court, Westchester County (Isseks, J.), dated December 16, 1985, as denied its motion for partial summary judgment to recover the amount of goods and materials sold and delivered to the plaintiff, and granted that branch of the defendant's cross motion which was for partial summary judgment dismissing that portion of the complaint which sought reimbursement for freight charges, and (2), as limited by its brief, from so much of an order of the same court, dated April 2, 1986, as granted that branch of the defendant's renewed cross motion which was for partial summary judgment dismissing that portion of the complaint which sought reimbursement for sales taxes.

Ordered that the order dated December 16, 1985 is modified, by deleting the provision thereof which granted that branch of the defendant's cross motion which was for partial summary judgment dismissing that portion of the complaint which sought reimbursement for freight charges, and substituting a provision therefor denying that branch of the cross motion; and, as so modified, the order dated December 16, 1985 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated April 2, 1986 is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, as seller, and the defendant, as purchaser, entered into a written agreement, in the form of a purchase order (hereinafter the agreement) and 11 supplements thereto, for the sale of electrical equipment. The plaintiff moved for partial summary judgment to recover $34,355.51 which the defendant allegedly admitted it owed pursuant to the agreement, Connecticut sales taxes that the plaintiff paid but for which it has not been reimbursed, and freight charges. The defendant opposed the motion and cross-moved for partial summary judgment dismissing the claims for sales taxes and freight.

The court properly denied the plaintiff's motion for partial summary judgment to recover $34,355.51 for goods and materials sold and delivered. The payment of this sum was condi-

tioned upon a settlement being reached with the plaintiff concerning other claims. As the plaintiff concedes that a settlement conference took place, but disputes that any settlement was reached, there is no unqualified admission of an amount due and an issue of fact has been presented *(see, Saeco Automotive Warehouse v Globe Motorists Supply Co.,* 90 AD2d 484).

The branch of the defendant's cross motion which sought to dismiss the plaintiff's claim for sales taxes was properly granted. There is no infirmity in the provision of the contract which placed the responsibility to pay the Connecticut sales tax on the plaintiff. The tax was included in the purchase price of the goods as permitted under Connecticut law *(see,* Conn Gen Stat Annot § 12-408 [4]).

However, we find that the plaintiff's claim for freight charges should not have been dismissed. Although the agreement imposes the burden of freight costs upon the plaintiff, certain of the supplements to the agreement appear to give the plaintiff allowances for freight costs. Given the fact that these supplements were prepared by the defendant on its letterhead, the supplements could be construed to be modifications of the agreement with respect to the particular purchase orders which allegedly grant the plaintiff allowances for freight charges *(see,* UCC 2-209). Whether this was the parties' intent, and whether the plaintiff made a demand for payment as is required under the agreement, and, if so, how much is due, are questions of fact *(see, Beacon Term. Corp. v Chemprene, Inc.,* 75 AD2d 350, *lv denied* 51 NY2d 706).

We have considered the parties' other contentions and find them to be without merit. Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.