■ RIVERHEAD BUILDING SUPPLY CORP., Respondent, v REGINE STARR, INC., et al., Appellants. [672 NYS2d 117] —In an action, *inter alia,* to recover payment for goods sold and delivered, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 4, 1997, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, entered June 16, 1997, which is in favor of the plaintiff and against the defendants in the total sum of $59,385.83.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In support of its motion for summary judgment, the plaintiff came forward, *inter alia,* with a factually detailed affidavit of its vice president and with documentary evidence demonstrating prima facie the plaintiff's entitlement to judgment as a matter of law on the ground that the defendants had failed to fully compensate it for building materials it supplied (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). The burden thus shifted to the defendants to lay bare their proof and produce evidence in admissible form to establish the existence of material issues of fact requiring a trial (*see, Zuckerman v City of New York,* 49 NY2d 557). However, the defendants merely opposed the motion with an affirmation of their attorney, which was not based on personal knowledge, and with a copy of their verified answer. While a verified pleading based on personal

knowledge may be used as an affidavit (*see,* CPLR 105 [u]), such a pleading must "set forth sufficient evidentiary facts" (*Oversby v Linde Div.,* 121 AD2d 373) in order to withstand a motion for summary judgment (*see, Bethlehem Steel Corp. v Solow,* 51 NY2d 870). Since the defendants' verified answer merely contained vague and generalized assertions regarding the quality of building materials supplied by the plaintiff and the adequacy of payments made by the defendants, it was patently inadequate to defeat the plaintiff's motion.

We have considered the defendants' remaining contention and find it to be without merit. Rosenblatt, J. P., Sullivan, Joy and Altman, JJ., concur.