◼ DRUG GUILD DISTRIBUTORS, Respondent, v 3-9 DRUGS INC., Doing Business as FARMACIA CENTRAL, Appellant. [715 NYS2d 442] —In an action, *inter alia*, to recover damages for breach of contract, the defendant appeals from (1) an order of the

Supreme Court, Kings County (Shaw, J.), entered March 22, 1999, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, dated April 7, 1999, which is in favor of the plaintiff and against it in the principal sum of $41,912.45. The notice of appeal from the order is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501[c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly granted summary judgment to the plaintiff on the complaint. In support of its motion, the plaintiff came forward with documentary evidence which demonstrated that it had supplied $41,912.45 worth of goods to the defendant and that the defendant failed to pay for the goods. The plaintiff presented, *inter alia,* detailed invoices and corresponding signed delivery receipts, and the defendant's statement of account showing an outstanding balance of $41,912.45. Therefore, the plaintiff demonstrated a prima facie entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). The burden then shifted to the defendant to come forward with evidence in admissible form to establish the existence of a material issue of fact requiring a trial (*see, Zuckerman v City of New York,* 49 NY2d 557). However, the defendant merely alleged, by an affidavit of its president and an affirmation of counsel, that it never ordered or received these goods, and that the invoices, receipts, and account statement produced by the plaintiff were fraudulent. The defendant's conclusory denial of the transactions is insufficient to counter the facts established by the plaintiff's documentary evidence.

There is no merit to the defendant's contention that summary judgment was premature because discovery was not complete. The moving papers did not indicate that there were any facts within the exclusive control of the plaintiff that remained to be discovered (*see,* CPLR 3212 [f]). The defendant may not rely upon mere hope that evidence sufficient to defeat the motion may be uncovered during the discovery process (*see,*

*Weltmann v RWP Group,* 232 AD2d 550; *Aminov v East 50th St. Rest. Corp.,* 232 AD2d 592).

The defendant's remaining contentions are without merit. Santucci, J. P., Sullivan, Friedmann and Smith, JJ., concur.