■ NEUMAN DISTRIBUTORS, INC., Appellant, v FALAK PHARMACY CORP., Respondent. [734 NYS2d 221] —In an action, *inter alia,* to recover payment for goods sold and delivered, the plaintiff appeals from an order of the Supreme Court, Kings County (Pincus, J.), entered October 3, 2000, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on its first and second causes of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court erred in denying that branch of the

plaintiff's motion which was for summary judgment on its first and second causes of action to recover payment for goods sold and delivered, and on an account stated. In support of that branch of its motion, the plaintiff presented, *inter alia*, itemized invoices, credit memos, and corresponding signed delivery receipts for the merchandise previously delivered. The plaintiff established that it had supplied $149,558.29 worth of goods to the defendant. These, together with the affidavit of the plaintiff's vice president and treasurer, and the plaintiff's statements of the defendant's account showing an outstanding balance of $139,765.30, made out a prima facie case entitling the plaintiff to judgment as a matter of law on those causes of action (*see, Drug Guild Distribs. v 3-9 Drugs,* 277 AD2d 197; *Werner v Nelkin,* 206 AD2d 422). This shifted the burden to the defendant to come forward with evidence in admissible form showing the existence of a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557).

The proof offered by the defendant in opposition consisted solely of an affidavit by its president and an affirmation of counsel that it either never received certain goods and/or that the plaintiff failed to credit its account with regard to other, returned goods. These conclusory denials by the defendant were insufficient to counter the facts established by the plaintiff's documentary evidence (*see, Drug Guild Distribs. v 3-9 Drugs, supra; 1492 Realty Corp. v Summit Renovation Corp.,* 259 AD2d 603; *Werner v Nelkin, supra*). In any event, we note that, contrary to the defendant's argument, its contention that it was improperly credited for items it returned is actually a claim for "setoffs" (*see, Malinowski v New York State Dept. of Labor,* 156 F3d 131). At this juncture, the defendant's claim for setoffs can only be considered as part of the plaintiff's bankruptcy proceeding pending in Federal Bankruptcy Court and not in the Supreme Court (*see,* 11 USC § 362 [a] [7]; *Drexel Burnham Lambert v Terex Corp.,* 184 AD2d 328).

Contrary to the plaintiff's contention, that branch of its motion which was for summary judgment on its cause of action for an award of an attorney's fee was properly denied since triable issues of fact exist with regard to whether the credit application, upon which the application for an attorney's fee is based, is an enforceable contract (*see, Zuckerman v City of New York, supra*).

The defendant's remaining contentions are without merit. Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.