■ NEUMAN DISTRIBUTORS, INC., Doing Business as DRUG GUILD DISTRIBUTORS, Appellant, v PHARMEDIX, INC., Doing Business as VALUE DRUGS, et al., Respondents. [736 NYS2d 51] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated March 20, 2001, which denied its motion for summary judgment, and, *sua sponte*, stayed all proceedings in the action pending further proceedings in Federal Bankruptcy Court in a related matter.

Ordered that on the court's own motion, the notice of appeal from so much of the order as, *sua sponte*, stayed all proceedings in the action pending further proceedings in Federal Bankruptcy Court is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted; and it is further,

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought damages in the sum of $68,868.03 and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof which, *sua sponte*, stayed further proceedings in the action pending further proceedings in Federal Bankruptcy Court; as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff is a wholesaler of pharmaceuticals and beauty aids and has been selling these types of items to the defendant Pharmedix, Inc., d/b/a Value Drugs (hereinafter Pharmedix) since 1995. The defendant Tower Chemists, Inc. (hereinafter Tower) was purchased in 1998 by the same individual who owned Pharmedix. In 1998 Tower executed a guaranty with the plaintiff which provided, *inter alia*, that in exchange for the plaintiff's continued extension of credit to Pharmedix, Tower would unconditionally guarantee the obligation of Pharmedix. Tower expressly waived its right to assert all setoffs and counterclaims.

The plaintiff brought this action to recover $97,169.57 for goods sold on credit to Pharmedix. The defendants' answer contained affirmative defenses, contending, *inter alia*, that the plaintiff failed to properly credit them for merchandise that was returned. Shortly after the plaintiff commenced this action, it sought protection from its creditors under chapter 11 of the United States Bankruptcy Code (11 USC § 1101 *et seq.*).

The plaintiff moved for summary judgment on its complaint. In opposition the defendants argued, among other things, that the plaintiff failed to give Pharmedix a $28,301.54 credit for returned merchandise, and the plaintiff was involved in a bankruptcy proceeding and the matter should be determined by the Federal Bankruptcy Court. In reply, the plaintiff contended that setoffs were precluded by both the guaranty and the automatic stay provision of the bankruptcy code. The Supreme Court denied summary judgment, finding issues of fact regarding the plaintiff's alleged breach of the contract, and stayed the matter so the Federal Bankruptcy Court could determine the effect of the setoffs on the plaintiff's reorganization.

The plaintiff established its entitlement to summary judgment by demonstrating that the Pharmedix failed to pay for $97,169.57 worth of goods it accepted (*see, Riverhead Bldg. Supply Corp. v Regine Starr, Inc.,* 249 AD2d 532; *Sunkyong Am. v Beta Sound of Music Corp.,* 199 AD2d 100; *Avis Rent A Car Sys. v McNamara Buick Pontiac,* 90 AD2d 783). However, the defendants submitted evidence that raised an issue of fact regarding whether the plaintiff issued $28,301.54 worth of credits to Pharmedix (*see, Burt Millwork Corp. v Irpinia Constr. Corp.,* 173 AD2d 433; *Graybar Elec. Co. v Valenti Elec. Co.,* 131 AD2d 429). Therefore, the plaintiff was entitled to summary judgment to the extent that the established debt exceeded the claimed credits.

Furthermore, the Supreme Court erred in staying all proceedings in the action pending further proceedings in Federal Bankruptcy Court. There is an issue of fact as to whether the credits can be characterized as an attempt at recoupment or as a setoff. If the claim for credit can be characterized as an attempt at recoupment, the defendants would be free to assert the claim for those credits against the plaintiff immediately, unhindered by either the guaranty or the bankruptcy code (*see, In re Anes,* 195 F3d 177, 182; *In re Malinowski,* 156 F3d 131; *see also, Matter of United States Abatement Corp.,* 79 F3d 393, 398; *In re Flagstaff Realty Assocs.,* 60 F3d 1031). However, if the claim for credit can be characterized as a setoff, it is clear that Tower waived its right to assert that claim and, in any event, such claim would be subject to the automatic stay of the bankruptcy code (*see,* 11 USC § 362 [a] [7]; *Neuman Distribs. v Falak Pharmacy Corp.,* 289 AD2d 310). O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.