■ BEN H. BECKER, as Trustee of NEUMAN DISTRIBUTORS, INC., Respondent, v SHORE DRUGS, INC., Appellant. [745 NYS2d 492] —In an action, inter alia, to recover payment for goods sold and delivered, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated April 16, 2001, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting invoices, corresponding signed delivery receipts, and an account statement showing an outstanding balance of $57,119.89 (*see Neuman Distribs. v Falak Pharmacy Corp.*, 289 AD2d 310, 311; *Drug Guild Distribs. v 3-9 Drugs*, 277 AD2d 197, 198; *Riverhead Bldg. Supply Corp. v Regine Starr, Inc.*, 249 AD2d 532).

The affidavit of the defendant's president submitted in opposition to the motion was insufficient to raise a triable issue of fact warranting the denial of summary judgment, as the affidavit contained conclusory assertions which failed to refute the sale and delivery of goods and the defendant's nonpayment (*see Neuman Distribs. v Falak Pharmacy Corp., supra*; *Drug Guild Distribs. v 3-9 Drugs, supra*; *Riverhead Bldg. Supply Corp. v Regine Starr, Inc., supra* at 533).

The defendant contends that it was charged for goods that were allegedly returned or never delivered, and that it is entitled to receive a credit. Further, the defendant contends that its claim for credit is an attempt at recoupment. However, the defendant waived its recoupment claim by failing to assert such claim in its answer (*see Kivort Steel v Liberty Leather Corp.,* 110 AD2d 950, 952).

In any event, the defendant's claim for credit is a actually a claim for a setoff, which can only be considered as part of the plaintiff's bankruptcy proceeding pending in Federal Bankruptcy Court (*see* 11 USC § 362 [a] [7]; *Matter of Malinowski,* 156 F3d 131; *Neuman Distribs. v Falak Pharmacy Corp., supra; Drexel Burnham Lambert v Terex Corp.,* 184 AD2d 328, 329). Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.