■ NEUMAN DISTRIBUTORS, INC., Appellant-Respondent, v JACOBI MEDICAL CENTER, Respondent-Appellant. [751 NYS2d 258] —In an action to recover payment for goods sold and delivered based on an account stated, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Gigante, J.), dated May 17, 2001, as denied its motion for summary judgment, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, to substitute the New York City Health and Hospitals Corporation as the party defendant, in place of Jacobi Medical Center, and for the entry of an appropriate judgment in favor of the plaintiff and against that defendant in the principal sum of $92,706.48; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff established its entitlement to judgment as a matter of law based on an account stated (see *Neuman Distribs. v Falak Pharmacy Corp.,* 289 AD2d 310, 311; *Drug Guild Distribs. v 3-9 Drugs,* 277 AD2d 197, 198). In opposition to the plaintiff's motion, the defendant acknowledged that deliveries were signed for by the defendant's employee Ralph Greco, which, in the absence of any other evidence, constituted proof of receipt (see *Neuman Distribs. v Falak Pharmacy Corp., supra*).

Nevertheless, the defendant contends that the documentary evidence is insufficient because receipts for four of the disputed items were not submitted by the plaintiff in support of its motion for summary judgment. This allegation, however, is raised for the first time on appeal, and therefore is unpreserved for appellate review.

In addition, the defendant submitted the affidavit of Joseph

Alongi, the head of the Pharmaceutical Division of Jacobi Medical Center, who stated that the items in issue were not ordered pursuant to a valid purchase order, or that the purchase order numbers for the disputed items did not conform with valid purchase orders. Alongi further stated that he had informed the plaintiff on several specified dates that the items in dispute were never authorized or received by Jacobi Medical Center. However, Alongi never contested the fact that the defendant's employee in fact received the goods. His statements were insufficient to counter the facts established by the plaintiff's documentary evidence (*see Drug Guild Distribs. v 3-9 Drugs, supra*).

The defendant also submitted an attorney's affirmation alleging in conclusory terms that the internal rules of the New York City Health and Hospitals Corporation with respect to competitive bidding were violated. However, the defendant does not contend that any statutory competitive bidding requirements were violated. The cases cited by the defendant with respect to violation of statutory bidding requirements are inapposite (*see D'Angelo v Cole*, 67 NY2d 65, 70).

The internal rules of the New York City Health and Hospitals Corporation, relied upon by the defendant provide that with respect to a purchase order of $5,000 or less, the purchasing department of an individual facility may use "discretionary bidding procedures" which can include informal telephone solicitations. The central office of the New York City Health and Hospitals Corporation "may" authorize such purchases, but there is no requirement that the central office review purchase orders of $5,000 or less. None of the individual items in issue is for an amount in excess of $5,000. Accordingly, the defendant failed to establish that its internal rules were violated.

The defendant acknowledged that the New York City Health and Hospitals Corporation was served and waived its objection to the fact that Jacobi Medical Center was named as the defendant in the action. Upon remittal, the New York City Health and Hospitals Corporation should be substituted as the party defendant (*see Kingalarm Distribs. v Video Insights Corp.*, 274 AD2d 416, 417).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.