562

In an action, inter alia, to recover payment for goods sold and delivered, the defendant appeals from (1) so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated October 4, 2004, as granted that branch of the plaintiff's motion which was for summary judgment on its first cause of action, and (2) a judgment of the same court entered October 18, 2004, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $96,363.84.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the plaintiff's motion which was for summary judgment on its first cause of action is denied, and the order dated October 4, 2004, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff sustained its burden of establishing its prima facie entitlement to summary judgment on its first cause of action to recover payment for goods sold and delivered through the submission of evidentiary proof including invoices, account statements, a credit memo, and the affidavit and deposition testimony of its president describing the transactions (*see Becker v Shore Drugs,* 296 AD2d 515 [2002]; *Neuman Distribs. v Falak Pharm. Corp.,* 289 AD2d 310 [2001]; *Drug Guild Distribs. v 3-9 Drugs,* 277 AD2d 197, 198 [2000]; *Riverhead Bldg. Supply Corp. v Regine Starr, Inc.,* 249 AD2d 532 [1998]). However, the evidence submitted by the defendant in opposition to the motion, which included detailed affidavits from three of its corporate officers, deposition testimony, and various business records, raised triable issues of fact as to whether all of the goods for which payment was sought were actually delivered, whether the prices

listed on the invoices were accurate, and whether the defendant was fully and properly credited for returned goods. Under these circumstances, the court should not have granted that branch of the plaintiff's motion which was for summary judgment on its cause of action to recover payment for goods sold and delivered (*see Gaetano Marzotto & Figli v Filene's Basement,* 213 AD2d 591 [1995]). Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.