■ Samuel B. Hamilton et al., Appellants, v Charles Touseull et al., Respondents. [852 NYS2d 244]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCarty, J.), entered January 5, 2007, which denied that branch of their motion which was for summary judgment and denied that branch of their separate motion pursuant to CPLR 2301 and 2302 (b) for the issuance of various subpoenas duces tecum.

Ordered that the order is affirmed, with costs.

"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Failure to make such a showing requires the

denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d at 853). We agree with the Supreme Court that the plaintiffs failed to demonstrate, prima facie, their entitlement to judgment as a matter of law since the affidavit they submitted in support of their motion consisted only of unsupported allegations.

The Supreme Court also properly denied that branch of the plaintiffs' separate motion which was for the issuance of various subpoenas duces tecum. The plaintiffs failed to establish that the information they sought to discover could not be obtained from other sources (*see Golden Mark Maintenance v Alarcon,* 265 AD2d 377 [1999]; *Matter of Validation Review Assoc. [Berkun—Schimel],* 237 AD2d 614, 615 [1997]; *Schwarz v Schwarz,* 227 AD2d 611, 612 [1996]).

The plaintiffs' remaining contentions either are not properly before this Court (*see Morris v Queens-Long Is. Med. Group, P.C.,* 43 AD3d 394, 395 [2007]; *Katz v Katz,* 68 AD2d 536 [1979]) or are without merit. Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.