■ BENDER, JENSON & SILVERSTEIN, LLP, Respondent, v MARGARITA T. WALTER, Appellant. [891 NYS2d 92]—

In an action to recover fees for legal services, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated June 6, 2008, as denied that branch of her motion which was for assignment of counsel, (2), as limited by her brief, from so much of an order of the same court (Nicolai, J.), also dated June 6, 2008, as, in effect, upon vacating her default in opposing the plaintiff's motion to preclude her from introducing certain documents at trial, conditionally granted the plaintiff's motion, and (3) from an order of the same court (Colabella, J.) dated July 10, 2008, which, inter alia, denied her motion to quash certain trial subpoenas.

Ordered that on the Court's own motion, the appeal from the first order dated June 6, 2008 is dismissed, on the ground that no appeal lies as of right from an order that does not affect a substantial right of the appealing party (*see* CPLR 5701 [a] [2] [v]), and we decline to grant leave to appeal; and it is further,

Ordered that the second order dated June 6, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 10, 2008 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff sought to recover its fee for legal services provided to the defendant, who asserted counterclaims sounding in legal malpractice. In response to the plaintiff's requests for the production of documents, the defendant claimed to be

without financial resources to photocopy the requested documents and refused to produce them, in spite of the plaintiff's offer to bear the cost of photocopying.

Since the defendant failed to establish that she made any effort to comply with the plaintiff's repeated discovery requests, the Supreme Court properly considered her lack of cooperation to be willful and contumacious, and properly conditionally granted the plaintiff's motion to preclude her from introducing the requested documents in evidence (*see Kihl v Pfeffer*, 94 NY2d 118 [1999]; *D'Aloisi v City of New York*, 7 AD3d 750 [2004]; *Brooks v City of New York*, 6 AD3d 565 [2004]; *Donovan v City of New York*, 239 AD2d 461 [1997]; *cf. Scardino v Town of Babylon*, 248 AD2d 371 [1998]).

In light of the defendant's noncompliance with discovery, the Supreme Court properly denied her motion to quash certain subpoenas which had been served on nonparty witnesses, on the basis that the information sought was otherwise unobtainable (*see Hamilton v Touseull*, 48 AD3d 520 [2008]; *Matter of Validation Review Assoc. [Berkun—Schimel]*, 237 AD2d 614 [1997]; *cf. People v Marin*, 86 AD2d 40 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Eng, Austin and Roman, JJ., concur.