■ JAMES SANDERS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [922 NYS2d 106]—

In an action to recover damages for personal injuries, the defendants appeal from (1) a judgment of the Supreme Court, Kings County (Bunyan, J.), dated October 20, 2009, which, upon an order of the same court (Hinds-Radix, J.), dated November 8,

2006, denying their motion for summary judgment dismissing the complaint, upon a jury verdict on the issue of liability finding the defendants 70% at fault and the plaintiff 30% at fault in the happening of the accident, and upon a separate jury verdict on the issue of damages awarding the plaintiff the sums of $2,250,000 for past pain and suffering, $305,000 for past medical expenses, $6,300,000 for future pain and suffering over 30 years, and $1,500,000 for future medical expenses over 30 years, and upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the evidence, is against them and in favor of the plaintiff in the principal sums of $2,250,000 for past pain and suffering, $305,000 for past medical expenses, $6,300,000 for future pain and suffering over 30 years, and $1,500,000 for future medical expenses over 30 years, and (2) an order of the same court dated January 28, 2010, which denied their motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial on the issue of liability, or to set aside the jury verdict on the issue of damages as excessive and for a new trial on the issue of damages.

Ordered that the judgment is modified, on the law, by reducing the principal sum awarded to the plaintiff for past medical expenses from the sum of $305,000 to the sum of $301,569; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment; and it is further,

Ordered that the order dated January 28, 2010, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On December 12, 2002, the plaintiff, who was 41 years old at the time, fell off of a New York City subway platform at the Winthrop Street station, and was struck by a northbound No. 2 train. As a result of the accident, the plaintiff sustained various physical injuries, including, among other things, amputation of his right leg below the knee, multiple fractures to his head and face, blindness of his right eye, the severing of his right ear and related hearing loss, a left great toe deformity, a post-traumatic seizure disorder, reactive depression, and stress and other related psychological problems. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendants, New York City Transit Authority, also known as MTA New York City Transit, and Metropolitan Transportation Authority, alleging, inter alia, that he was struck as a result of the negligence of the defendants' employee, who was operating the train that struck him at the time of the accident.

Where the operator of a subway train sees a person lying on the tracks abutting a subway station platform, from such a distance and under such circumstances as to permit him or her, in the exercise of reasonable care, to stop before striking the person, the operator's failure to avoid the accident may be found to be negligence (*see Coleman v New York City Tr. Auth.*, 37 NY2d 137, 139 [1975]). However, no such liability attaches where the accident was otherwise unavoidable under the circumstances (*see e.g. Mirjah v New York City Tr. Auth.*, 48 AD3d 764 [2008]).

The defendants met their initial burden, on their motion for summary judgment, of establishing that the train operator could not have avoided the accident, based upon the operator's testimony at his deposition that he immediately "put the train into emergency" upon seeing the plaintiff on the tracks, but could not stop the train in time to avoid the accident (*see Stanley v New York City Tr. Auth.*, 45 AD3d 832 [2007]). However, in opposition, the plaintiff established that genuine issues of material fact existed as to how far he was located from the approaching train after he fell onto the tracks, and whether the train operator could have stopped the train in time to avoid the accident (*id.*) Contrary to the defendants' contention, the plaintiff's opposing affidavit was not an improper attempt to feign an issue of fact, as there was no conflict between the plaintiff's affidavit and his prior deposition testimony (*see Neuman Distribs. v Jacobi Med. Ctr.*, 298 AD2d 568 [2002]). Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly denied (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The defendants' challenge to the Supreme Court's denial of their motion pursuant to CPLR 4401 for judgment as a matter of law is without merit, as there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Additionally, the Supreme Court properly denied that branch of the defendants' separate motion pursuant to CPLR 4404 which was to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence, since the verdict was supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]).

The awards for past and future pain and suffering do not deviate from what would be reasonable compensation under the circumstances of this case (*see* CPLR 5501 [c]). However, we

agree with the defendants' contention that the award for past medical expenses must be reduced to the extent indicated, since the jury's award for past medical expenses exceeded the actual amount of past medical expenses proven at trial, and the plaintiff has, in effect, conceded this issue.

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.