MARGARITA T. WALTER, Appellant, v BARBARA CASTRATARO, Respondent. [942 NYS2d 151]—

In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated March 8, 2010, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred, and (2) so much of an order of the same court dated December 8, 2010, as denied that branch of her motion which was denominated as one for leave to renew and reargue her opposition to that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred but, which was, in actuality, one for leave to reargue her opposition to that branch of the defendant's motion, and denied those branches of her motion which were for poor person relief and recusal.

Ordered that the order dated March 8, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated December 8, 2010, as denied that branch of the plaintiff's motion which was denominated as one for leave to renew and reargue her opposition to that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred but which was, in actuality, one for leave to reargue her opposition to that branch of the defendant's motion, and denied that branch of her motion which was for poor person relief, are dismissed; and it is further,

Ordered that the order dated December 8, 2010, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On April 16, 2003, the plaintiff signed a retainer agreement, wherein the defendant agreed to represent her in a matrimonial action. By letter dated July 1, 2003, the plaintiff terminated the defendant's representation. On June 11, 2009, the plaintiff com-

menced this action, alleging in her complaint that the defendant "negligently failed to represent the Plaintiff and breached her duties" and "[a]s a result of the Defendant's breach of contract the Plaintiff has suffered substantial damages." The defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that the complaint sounded in legal malpractice and, thus, was barred by the applicable three-year statute of limitations (*see* CPLR 214 [6]). In her opposing affidavit, the plaintiff stated that she "may have inadvertently misused language on the Summons and Complaint. However, the object of the said application served upon Defendant asserts *breach of contract* verbatim and notably, Plaintiff never uses the term Legal malpractice" (emphasis in original). In her affidavit, the plaintiff alleged numerous "breaches" by the defendant in connection with the underlying matrimonial action, including a failure to file an application for pendente lite support, failure to move to vacate a certain forensic report, and failure to "modify" a certain stipulation. The Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred.

The complaint is "nothing more than a rephrasing of the claim of malpractice in the language of breach of contract" (*Mitschele v Schultz*, 36 AD3d 249, 252 [2006]). The defendant satisfied her initial burden by demonstrating, prima facie, that the complaint sounded in legal malpractice and that the three-year statute of limitations began to run no later than July 1, 2003 (*see Sladowski v Casolaro*, 84 AD3d 1056, 1057 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact, e.g., by submitting proof demonstrating that the statute of limitations was tolled by the continuous representation doctrine, or otherwise (*see Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d 749, 750 [2011]). Accordingly, the Supreme Court properly concluded that the action, commenced almost six years after the alleged legal malpractice was committed, was barred by CPLR 214 (6), and, thus, properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred.

That branch of the plaintiff's motion which was denominated as one for leave to renew and reargue her opposition to the aforementioned branch of the defendant's motion was, in actuality, solely one for leave to reargue, the denial of which is not appealable (*see Gelobter v Fox*, 90 AD3d 829, 830 [2011]). Likewise, the Supreme Court's denial of that branch of the plaintiff's motion which was for poor person relief is not appealable as of right, as it does not affect a substantial right of the appealing

party (*see* CPLR 5701 [a] [2] [v]), and we decline to grant leave to appeal (*see Bender, Jenson & Silverstein, LLP v Walter*, 67 AD3d 839 [2009]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for recusal (*see Saferstein v Klein*, 288 AD2d 206 [2001]). Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.