(February 13, 2013)

■ BLUE DIAMOND FUEL OIL CORP., Respondent, v LEV MANAGEMENT CORP., Defendant, and AMSTERDAM HOSPITALITY GROUP, LLC, et al., Appellants. [959 NYS2d 536]—

In an action, inter alia, to recover damages for breach of contract, all the defendants except Lev Management Corp. appeal from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated July 8, 2011, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability as against them and denied their cross motion for leave to serve a second amended answer, to compel the plaintiff to respond to their discovery demands and to appear for depositions, and to extend the time to file a note of issue.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the appellants is denied, and the appellants' cross motion for leave to serve a second amended answer, to compel the plaintiff to respond to their discovery demands and to appear for depositions, and to extend the time to file a note of issue is granted.

The Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the appellants. The evidence submitted by the plaintiff did not establish its prima facie entitlement to

judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Hamilton v Touseull*, 48 AD3d 520 [2008]; *cf. Castle Oil Corp. v Bokhari*, 52 AD3d 762 [2008]; *Eagle Work Clothes, Inc. v Gent Uniform Rental Corp.*, 30 AD3d 562 [2006]; *Casa Redimix Concrete Corp. v MacQuesten Gen. Contr., Inc.*, 14 AD3d 641 [2005]). Failure to make such a showing required the denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Additionally, the Supreme Court should have granted that branch of the appellants' cross motion which was for leave to serve a second amended answer, as the proposed amendment was not palpably insufficient or patently devoid of merit, and there was no evidence that it would prejudice or surprise the plaintiff (*see Matter of Roberts v Borg*, 35 AD3d 617 [2006]; *Bolanowski v Trustees of Columbia Univ. in City of N.Y.*, 21 AD3d 340 [2005]). The Supreme Court also should have granted those branches of the appellants' cross motion which were to compel the plaintiff to respond to the appellants' discovery demands and to appear for depositions, and to extend the time to file a note of issue, as the discovery sought by the appellants was "material and necessary" within the meaning of CPLR 3101 (a) (*see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406, 407 [1968]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.