■ E. Tetz & Sons, Inc., Respondent, v Polo Electric Corp., Appellant, et al., Defendants. [12 NYS3d 224]—

In an action, inter alia, to recover damages for breach of contract, the defendant Polo Electric Corp. appeals from a judgment of the Supreme Court, Orange County (Onofry, J.), dated June 18, 2013, which, upon an order of the same court dated May 9, 2013, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against it in the total sum of $64,281.90. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512 [a]).

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is denied, and the order is modified accordingly.

The plaintiff, a corporation in the business of selling concrete, manufactured sand, gravel, and stone products, commenced this action, inter alia, to recover payment in the sum of $28,661.79 for certain materials allegedly sold and delivered to the defendant Polo Electric Corp. (hereinafter Polo), and to recover an attorney's fee and costs. The plaintiff moved for summary judgment on the complaint. The defendants cross-moved for summary judgment dismissing the complaint. As relevant to this appeal, the Supreme Court granted the plaintiff's motion insofar as asserted against Polo, concluding, among other things, that the plaintiff established its prima facie entitlement to judgment as a matter of law both on a theory of breach of contract, as pleaded in the complaint, and on an account stated, a theory of recovery not pleaded in the complaint. We reverse.

The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on its cause of action to recover damages for breach of contract (see Yellow Book Sales & Distrib. Co., Inc. v Mantini, 85 AD3d 1019, 1021 [2011]; Castle Oil Corp. v Bokhari, 52 AD3d 762 [2008]). However, in opposition, Polo raised a triable issue of fact as to whether all of the materials were actually delivered and whether the plaintiff acted in accordance with the parties' agreement in delivering the materials (see Eagle Work Clothes, Inc. v Gent Uniform Rental Corp., 30 AD3d 562 [2006]). Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on its cause of action alleging breach of contract, and in awarding an attorney's fee and costs pursuant to the subject credit application agreement.

Moreover, the Supreme Court should not have awarded summary judgment to the plaintiff on the ground that it was entitled to recover damages on a theory of an account stated. While summary judgment may be awarded on an unpleaded cause of action (see e.g. Boyle v Marsh & McLennan Cos., Inc., 50 AD3d 1587, 1588 [2008]; Deborah Intl. Beauty v Quality King Distribs., 175 AD2d 791, 792 [1991]; Rubenstein v Rosenthal, 140 AD2d 156, 158 [1988]), here, a cause of action to recover on an account stated was neither pleaded in the complaint nor advanced by the plaintiff in support of its motion for summary judgment. In addition, the record reflects that the plaintiff's submissions were insufficient to make a prima facie showing of entitlement to judgment as a matter of law to recover on the basis of an account stated (see Branch Servs., Inc. v Cooper, 102 AD3d 645, 646 [2013]; Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522, 523 [2012]). Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.