ECOLINE, INC., Respondent-Appellant, v W.H. PEEPELS COMPANY, INC., et al., Appellants-Respondents. [60 NYS3d 358]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated April 29, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on its first cause of action in the principal sum of $53,442.57, together with statutory interest; and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as directed that statutory interest be awarded only from May 11, 2006.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and statutory interest is awarded from June 12, 2001; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, an insulation subcontractor, was hired by the defendants in connection with the renovation of a commercial building located in New York City. The plaintiff commenced this action to recover damages, inter alia, for breach of contract, and subsequently moved for summary judgment. In support of its motion, the plaintiff submitted evidence including the parties' agreement dated October 18, 1999, which provided that the insulation work was to be done on a "Time and Materials" basis, and various invoices. The plaintiff's evidence established that the defendants promptly paid the plaintiff's first two invoices for work performed from the end of October through December 1999, to which were attached weekly time sheets specifying work done by each class of laborer, as well as bills for materials. The plaintiff's third invoice, which was submitted in March 2000, was rejected by the defendants on the basis that the plaintiff had failed to submit proof that its workers had signed in upon arriving at the subject building prior to reporting to the job site. The defendants had never previously requested proof of the plaintiff's workers' signatures. The plaintiff submitted a final modified invoice for $53,442.57, representing the outstanding sum due as of June 12, 2001, which the defendant had failed to pay. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action alleging breach of contract.

The plaintiff met its prima facie burden of entitlement to judgment as a matter of law on the cause of action to recover damages for breach of contract by offering proof that it had an agreement to provide the defendants with labor and materials to complete a certain job, that the defendants agreed to compensate the plaintiff on a time and materials basis, and that no payment was made (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Clean Earth of N. Jersey, Inc. v Northcoast Maintenance Corp.*, 142 AD3d 1032, 1035 [2016]; *Castle Oil Corp. v Bokhari*, 52 AD3d 762 [2008]). In opposition, the defendants were required to submit evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact that would require a trial of the action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Castle Oil Corp. v Bokhari*, 52 AD3d at 762-763; *Becker v Shore Drugs*, 296 AD2d 515, 516 [2002]). The defendants failed to raise a triable issue of fact (*see Castle Oil Corp. v Bokhari*, 52 AD3d at 762-763; *Becker v Shore Drugs*, 296 AD2d at 516). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on its first cause of action (*see Castle Oil Corp. v Bokhari*, 52 AD3d at 762-763; *Boise Cascade Off. Prods. Corp. v Gilman & Ciocia, Inc.*, 30 AD3d 454 [2006]; *Becker v Shore Drugs*, 296 AD2d at 516), and awarded damages in the sum of $53,442.57.

The award of interest on the judgment should be calculated as of the earliest ascertainable date the cause of action existed (*see* CPLR 5001 [b]; *Centennial Contrs. Enters. v East N.Y. Renovation Corp.*, 79 AD3d 690, 693 [2010]). Here, the evidence submitted by the plaintiff established that the cause of action existed as of June 12, 2001. Dillon, J.P., Austin, Roman and Cohen, JJ., concur.