Eun Suk Cho v Byung Ki Koo (2018 NY Slip Op 06081)





Eun Suk Cho v Byung Ki Koo


2018 NY Slip Op 06081


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-04226
 (Index No. 702648/16)

[*1]Eun Suk Cho, respondent, 
v
Byung Ki Koo, et al., appellants, et al., defendant.


Law Offices of Kim & Cha, LLP, Bayside, NY (Soohyun Kim of counsel), for appellants.
Rick C. Kim, PLLC, Mineola, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Byung Ki Koo and Evergreen Senior Services, Inc., appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered January 18, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on so much of her breach of contract cause of action asserted against Byung Ki Koo and Evergreen Senior Services, Inc., as sought to recover damages in the amount of $100,000 for the breach of a shareholder payoff agreement dated December 23, 2015.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was a shareholder in the defendant Evergreen Senior Services, Inc., (hereinafter the corporate defendant). The defendant Byung Ki Koo (hereinafter the President) was the President of the corporate defendant. The plaintiff and the President entered into a shareholder payoff agreement dated December 23, 2015, in which the corporate defendant agreed to purchase the plaintiff's shares for $300,000.
The plaintiff commenced this action to recover damages for, among other things, breach of contract. In her breach of contract cause of action asserted against the President and the corporate defendant (hereinafter together the defendants), the plaintiff alleged, inter alia, that she had only been paid $200,000, in violation of the terms of the shareholder payoff agreement.
The plaintiff moved for, among other relief, summary judgment on so much of her breach of contract cause of action as sought to recover damages in the amount of $100,000 for breach of the shareholder payoff agreement. The defendants opposed the plaintiff's motion. In the order appealed from, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on so much of her breach of contract cause of action as sought to recover damages in the amount of $100,000 for breach of the shareholder payoff agreement. The defendants appeal. We affirm insofar as appealed from.
The elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages (see Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 806; JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on so much of her breach of contract cause of action as sought to recover damages in the amount of $100,000 for breach of the shareholder payoff agreement (see Ecoline, Inc. v W.H. Peepels Co., Inc., 153 AD3d 786, 787; Castle Oil Corp. v Bokhari, 52 AD3d 762, 762; Key Equip. Fin., Inc. v South Shore Imaging, Inc., 39 AD3d 595, 596).
In opposition, the defendants failed to raise a triable issue of fact as to whether they had breached the shareholder payoff agreement. The defendants' remaining contentions are improperly raised for the first time on appeal (see Matter of NYC C.L.A.S.H., Inc. v New York State Off. of Parks, Recreation & Historic Preserv., 27 NY3d 174, 181). Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on so much of her breach of contract cause of action as sought to recover damages in the amount of $100,000 for breach of the shareholder payoff agreement.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court