Southampton Brick v Chiffert (2020 NY Slip Op 51018(U))

[*1]

Southampton Brick v Chiffert

2020 NY Slip Op 51018(U) [68 Misc 3d 134(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-960 S C

Southampton Brick, Doing Business as
Southampton Masonry, Respondent,
against
Marc A. Chiffert, Appellant. 

Marc A. Chiffert, appellant pro se.
George A. Huwell, Esq., for respondent.

Appeal from a judgment of the Justice Court of the Town of Southampton, Suffolk County
(Deborah E. Kooperstein, J.), entered September 25, 2018. The judgment, after a nonjury trial,
awarded plaintiff the principal sum of $1,624.65.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the sum of $1,624.65 from defendant, a principal
of Chiffert Architectural Engineering, P.C. (Chiffert, P.C.), upon his personal guaranty for
masonry supplies ordered by and sold to Chiffert, P.C. as detailed in three invoices, from October
7, 2016 to November 1, 2016, plus interest and attorney's fees. At a nonjury trial, plaintiff's
accounting employee, Lori Spellman, testified about the three invoices which were never paid
despite Chiffert, P.C. receiving the material listed therein. Defendant testified that Chiffert, P.C.
never received the materials ordered in the invoices since there was no signature showing receipt
thereof. Following the trial, the Justice Court awarded plaintiff the principal sum of
$1,624.65.
Lori Spellman, whose duties included maintaining the records of invoices for materials sold
by plaintiff and delivered to plaintiff's customers, testified that the three invoices, totaling
$1,624.65, were for masonry supplies sold and delivered to Chiffert, P.C. The invoices contained
the names and addresses of the buyer and seller, the date, the payment terms, the description of
the goods, and the price and amount of the goods sold and delivered. Moreover, the invoices
contained notations that the materials ordered had been approved. Defendant does not contest the
admissibility of the invoices. While Spellman admitted that she did not draft the invoices,
Spellman's lack of personal knowledge only affected the weight to be given to the invoices
(see Briar Hill Apts. Co. v Teperman, 165 AD2d 519 [1991]; see also Bank of NY
Mellon v Gordon, 171 AD3d 197 [2019]). The invoices and Spellman's testimony were
sufficient to demonstrate that a contract of sale had been entered into between plaintiff and [*2]Chiffert, P.C., and that neither Chiffert, P.C. nor defendant had paid
for the goods delivered (see Neuman Distribs. v Falak Pharmacy Corp., 289 AD2d 310
[2001]). While defendant testified that Chiffert, P.C. required a signature of receipt of materials
prior to paying invoices, he could not explain why other invoices without a signature of receipt
had been paid.
Under the circumstances, we find no basis to disturb the Justice Court's award in favor of
plaintiff based on defendant's personal guaranty.
Accordingly, the judgment is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020