Ruiz v 829 Realty LLC (2021 NY Slip Op 05834)





Ruiz v 829 Realty LLC


2021 NY Slip Op 05834


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index Nos. 22941/18, 43406/19 Appeal No. 14497-14497A Case No. 2020-03675 2020-03701 

[*1]Jorge Vega Ruiz, Plaintiff,
v
829 Realty LLC, Defendant-Appellant, Arsh Gen Construction Corp., Defendant.
829 Realty, LLC, Third-Party Plaintiff-Appellant,
v
Acceptance Indemnity Insurance Co., et al., Third-Party Defendants-Respondents.


Doyle & Broumond, LLP, Bronx (Michael B. Doyle of counsel), for appellant.
Cozen O'Connor, New York (Melissa F. Brill of counsel), for Acceptance Indemnity Insurance Co., respondent.
Rivkin Radler LLP, New York (Merril S. Biscone of counsel), for Molod, Spitz & DeSantis, respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about January 27, 2020, which granted third-party defendant Acceptance Indemnity Insurance Co.'s motion to dismiss the third-party complaint as against it, unanimously affirmed, without costs. Order, same court and Justice, entered on or about March 11, 2020, which granted third-party defendant Molod, Spitz & Desantis's motion to dismiss the third-party complaint as against it, unanimously affirmed, without costs.
Contrary to defendant/third-party plaintiff 829 Realty, LLC's contentions, the documentary evidence submitted by Acceptance Indemnity Insurance Co. (Acceptance), 829 Realty's insurer, utterly refuted 829 Realty's allegations that disclaimer of coverage in the main personal injury action was improper (see generally CPLR 3211[a][1]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Atlantic Mut. Ins. Co. v Terk Tech. Corp., 309 AD2d 22, 29 [1st Dept 2003]). The complaint in the main action, which was properly considered by the motion court, alleged that on January 25, 2018, plaintiff "fell from a height" at the premises owned by 829 Realty, while working for defendant Arsh Gen Construction Corp., which was hired by 829 Realty. Those allegations do not suggest a reasonable possibility of coverage in light of the relevant contractor's exception, which excluded coverage for claims premised on personal injury sustained by an employee of an independent contractor while working on behalf of an insured, or on the job site but not working for an insured (see generally City of New York v Wausau Underwriters Ins. Co., 145 AD3d 614, 617 [1st Dept 2016]). The third-party complaint and the affidavit from 829 Realty's member did not raise an issue of fact as to whether Acceptance had actual knowledge of facts establishing a reasonable possibility of coverage, because neither directly countered plaintiff's factual allegations that he was working for a contractor at the premises when his accident occurred (id.).
829 Realty's arguments regarding the dismissal of its claims as against Molod, Spitz & Desantis, its former counsel in the main action, are not persuasive because a client may not evade the pleading requirements applicable to a legal malpractice cause of action by framing allegations, which sound in malpractice, in terms of breach of fiduciary duty or breach of contract (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10-11 [1st Dept 2008]; e.g. Cherry Hill Mkt. Corp. v Cozen O'Connor P.C., 118 AD3d 514, 514 [1st Dept 2014]; Boslow Family Ltd. Partnership v Kaplan & Kaplan, PLLC, 52 AD3d 417, 417 [1st Dept 2008], lv denied 11 NY3d 707 [2008]; Walter v Castrataro, 94 AD3d 872, 873 [2d Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021