Beacon Sales Acquisition, Inc. v Hudson Val. Renovations, LLC (2026 NY Slip Op 01754)

Beacon Sales Acquisition, Inc. v Hudson Val. Renovations, LLC

2026 NY Slip Op 01754

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-07130
 (Index No. 4787/22)

[*1]Beacon Sales Acquisition, Inc., etc., respondent,
vHudson Valley Renovations, LLC, etc., et al., appellants.

Dupee & Monroe, P.C., Goshen, NY (Jon C. Dupee, Jr., of counsel), for appellants.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Nicholas A. Tantone and Elizabeth Tobio of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Orange County (David J. Squirrell, J.), entered May 13, 2024. The judgment, upon an order of the same court dated April 4, 2024, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against the defendants in the total sum of $59,912.25.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for an alleged breach of contract and default on a commercial line of credit agreement entered into by the plaintiff and the defendant Kareem Cowart, on behalf of the defendant Hudson Valley Renovations, LLC (hereinafter Hudson Valley), on October 26, 2017. The plaintiff moved for summary judgment on the complaint. In an order dated April 4, 2024, the Supreme Court granted the motion. On May 13, 2024, the court entered a judgment, upon the order, in favor of the plaintiff and against the defendants in the total sum of $59,912.25. The defendants appeal from the judgment.
To recover damages for breach of contract, a "plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Shulamith Sch. for Girls, Inc. v Shulamith Sch. for Girls of Brooklyn, 230 AD3d 822, 823-824 [internal quotation marks omitted]; see Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d 936, 937-938). "[W]hen parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms" (Gristede's Operating Corp. v Scarsdale Shopping Ctr. Assoc., LLC, 176 AD3d 1185, 1187 [internal quotation marks omitted]).
Here, in support of its motion for summary judgment on the complaint, the plaintiff submitted a copy of the credit agreement. The plaintiff further established, prima facie, that it performed pursuant to the contract by delivering the agreed-upon goods in a timely manner and that, upon receipt, the defendants did not object to the quality or price of the goods or to the timeliness of delivery. In opposition, the defendants failed to raise a triable issue of fact.
The plaintiff likewise established its prima facie entitlement to judgment as a matter of law on the cause of action to recover damages for goods sold and delivered by tendering evidence demonstrating that it sold and delivered materials to the defendants in a timely manner, the materials were received without objection, and the defendants did not make payments (see Boise Cascade Off. Prods. Corp. v Gilman & Ciocia, Inc., 30 AD3d 454, 454; Neuman Distribs. v Falak Pharm. Corp., 289 AD2d 310, 311). In opposition, the defendants failed to raise a triable issue of fact.
"To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a guaranty, a plaintiff must submit proof of the underlying note, a guaranty, and the failure of the defendant to make payment in accordance with the terms of those instruments" (Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 517 [internal quotation marks omitted]). Here, the plaintiff satisfied its burden by submitting a copy of the underlying note and the personal guaranty and evidence of the defendants' failure to make payments in accordance with the note and the personal guaranty. Moreover, Cowart admitted that the signature affixed to the personal guaranty was indeed his own and the defendants submitted no evidence that the credit agreement or the personal guaranty were ever revoked or rescinded (see id.). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to enforce Cowart's personal guaranty.
In light of the foregoing, we need not reach the defendants' remaining contentions.
IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court