■ NADEAN HICKSON et al., Respondents, v MT. SINAI MEDICAL CENTER et al., Appellants. — Order, Supreme Court, New York County (Soloff, J.) entered September 21, 1981, denying defendants' motion to sever the two causes of action unanimously reversed, on the law and facts and in the exercise of discretion, without costs; the defendants' motion to sever is granted. The plaintiffs were each dismissed from their employment in the food service department of defendant Mt. Sinai Medical Center. Each claims that her discharge was discriminatory. Both commenced this action serving one complaint containing two causes of action, one on behalf of Hickson and the other on behalf of Elias. There are only the most superficial common factual grounds to be explored in trying the claims of Hickson and Elias. They each had quite different jobs. The background of area of employment, supervisory personnel, nature of the discrimination and damages alleged are different for each plaintiff. Hickson complains of discrimination because she is black, while Elias was allegedly discriminated against because of her Asian origin. Elias claimed a period of harassment spanning three years which Hickson does not; Elias claims resultant physical illness and Hickson does not; both plaintiffs were employed in the food service department but Hickson worked in the central tray service, while Elias worked in the nutrition department. Both were employed in different capacities with different responsibilities; Hickson was a supervisor and Elias a staff dietician. Each commenced employment on a different date and each was terminated on a different date. Neither cause of action contains any allegation that the other plaintiff was in any way involved in the occurrence of her coplaintiff's discharge. Furthermore, affidavits of the individually named defendants Lawson, Cornfield and Ferguson establish that they were not supervisors in common of Hickson and Elias and did not take any part in the discharge of Hickson. The fact that defendants delayed six months after joinder of issue before moving to sever does not bar the relief

sought. The court may direct a severance of claims in furtherance of convenience or to avoid prejudice (CPLR 603) and may correct a misjoinder of parties on motion of any party, or, on its own motion, at any stage of the action, on just terms (CPLR 1003). The completely differing factual allegations and defenses interposed could only confuse the issues and delay trial and disposition of plaintiffs' causes of action. Accordingly, Special Term improvidently exercised its discretion in denying defendants' motion for severance. Concur — Kupferman, J..P., Ross, Carro, Silverman and Asch, JJ.