■ MELVIN E. RUBENSTEIN, Respondent, v IMRE J. ROSEN-THAL et al., Appellants.

Defendant Imre Rosenthal does not deny that he executed the letter dated August 1, 1972 in which he unequivocally and unconditionally granted plaintiff 10% of the profit of the clearly specified venture. In his affidavit in opposition to plaintiff's motion, Mr. Rosenthal admits that he delivered the letter to Mr. Rubenstein with the intent to reward him. Rosenthal opposes the motion, however, by attempting to raise the legal defense that since the letter is in recognition for services rendered in the past, it cannot be enforced as a contractual obligation because it is supported by past consideration.

This purported defense is not dispositive of the action since the letter was effective as a present gift, for which consideration is not necessary, and not as a creation of contractual rights to a percentage of future profits. This case is closely akin to *Speelman v Pascal* (10 NY2d 313), where a similar letter was held to be enforceable as a gift. In *Speelman,* defendant owned the exclusive world rights to produce a musical play and motion picture based on George Bernard Shaw's "Pygmalion". At a time prior to the production of the enormously successful "My Fair Lady", defendant signed and delivered to plaintiff a letter stating in pertinent part:

" 'This is to confirm to you our understanding that I will give you from my shares of profits of the Pygmalion Musical stage version [certain percentages] * * *

" 'This participation in my shares of profits is a present to you, in recognition for your loyal work for me as my Executive Secretary.' " *(Supra,* at 316.)

The Court of Appeals held that this letter constituted a valid, complete, present gift to plaintiff by way of assignment. The court reasoned that there was a "completed delivery of a kind appropriate to the subject property" *(supra,* at 319), and that the language used in the letter was sufficient to show an irrevocable intention that the gift become operative at once, notwithstanding that at the time of the letter there was no stage or film part yet in existence and the profits from which the percentage would be due necessarily would accrue in the future. The court in *Speelman (supra)* enforced this obligation without reservation despite the fact that a reward for plaintiff's loyal work, the motive for the letter, could be construed as "past consideration".

In accordance with the long-established law of gifts, the elements necessary for an effective gift are (1) an intent on the part of the donor to make a present transfer; (2) delivery of the gift, either actual or constructive, to the donee; and (3) acceptance by the donee. *(Gruen v Gruen,* 68 NY2d 48, 53; *Matter of Van Alstyne,* 207 NY 298, 306.) Here, as in *Speelman (supra),* each of these elements has been clearly established by uncontroverted facts.

The intent to make a present transfer is evidenced by the terms of the letter itself, which contains a specific description of the property, including the exact acreage, the 50% interest which Rosenthal possessed in the property, and the specific, present language "I have granted you 10% of my share."

There is no question as to delivery of the gift. Rosenthal delivered the signed writing to the plaintiff. In a transaction of this type delivery of the writing evidencing the gift is sufficient. *(See, Gruen v Gruen, supra,* 68 NY2d, at 56-57.) The rule of "delivery" is not inflexible, but is intended only to prevent fraudulent or mistaken claims. *(Supra.)* Neither fraud nor mistake is alleged here by the defendant. Finally, the requirement of acceptance by the donee is also clearly demonstrated.

The dissent places great emphasis on defendant's argument that the complaint and moving papers set forth alternative theories of breach of contract as support for plaintiff's claim pursuant to the letter. However, this fact, standing alone, does not prevent the grant of summary judgment on the theory of a gift. Pleadings are to be liberally construed, and alternative and inconsistent theories may be asserted in accordance with CPLR 3014. The complaint and the moving papers allege sufficient facts to support the theory of a gift, and the defendants had ample notice as to such theory and had an opportunity to defend thereon, in light of plaintiff's allegations both in the complaint and the moving papers that the letter was intended as a bonus. The word "bonus" is a synonym for "gift". *(See,* Roget's Thesaurus, at 480-481 [1982 Lloyd ed].) It is well settled that summary judgment may be awarded on an unpleaded cause of action if the proof supports such cause and if the opposing party has not been misled to its prejudice. *(Costello Assocs. v Standard Metals Corp.,* 99 AD2d 227, 229, *appeal dismissed* 62 NY2d 942; *Dampskibsselskabet Torm v Thomas Paper Co.,* 26 AD2d 347, 352.) Under the circumstances here present, it was proper to grant plaintiff summary judgment on the theory of a gift.

While the dissent suggests that a formal amendment to the

pleadings is necessary to obtain relief on the theory of a gift, since there is no showing of prejudice and the proof submitted is sufficient, this court has the power to amend the pleadings to conform to the proof *(see, Dampskibsselskabet Torm v Thomas Paper Co., supra)* and reversal is not necessary on such ground.

The dissent also contends that summary judgment should be denied because of the existence of triable issues of fact "with respect to the intentions and actions of the parties". However, any issue as to whether a bonus was intended for services rendered by the plaintiff to the corporate defendant or to the individual defendant is irrelevant. The controlling issue, about which there is no question, is that defendant Rosenthal signed and delivered a letter that clearly intended, for whatever reason, to give to plaintiff 10% of his profits from this real estate venture. He is bound by the letter, and summary judgment was properly granted. Concur—Kupferman, J. P., Ross, Carro and Ellerin, JJ..

Smith, J., dissents in a memorandum as follows: I dissent from the holding of the majority because no gift has been shown on this record. The pleadings do not allege a gift. Plaintiff's papers on the motion for summary judgment do not allege a gift. While plaintiff contends that the parties had an opportunity to argue orally that a gift was made, that argument is not a part of this record.

Plaintiff is a former executive vice-president of the defendant corporation. The individual defendant is the chairman of the board of directors of the defendant. Plaintiff and the individual defendant held those positions in August 1972 when the following letter was written by the individual defendant to the plaintiff:

"August 1972

"Mr. Melvin E. Rubenstein
"Rosenthal & Rosenthal, Inc.
"1451 Broadway
"New York, New York
"Dear Mr. Rubenstein:
"This refers to the premises located in the Town of South Hampton, located generally at Quogue, River-head Road and Old Country Road, comprising 192.857 acres. These premises were purchased by American Perfit Crystal Corporation and Imre J. Rosenthal, each owning 50%.
"This letter will confirm to you the fact that I have

granted you 10% of my share, after all expenses and carrying charges, of any profit realized by me in the aforementioned venture.

"Very truly yours,

"Imre J. Rosenthal".

This letter was written by the individual defendant on the stationery of the defendant Rosenthal & Rosenthal, Inc.

In its decision on plaintiff's motion for summary judgment, the motion court stated that the issue is "whether the letter was intended to create a contractual right to a percentage of defendants' profits, or whether it was intended to be, and was effective as, a gift." The motion court noted that at oral argument, plaintiff had conceded that there was no consideration to support a contract "since the services had been provided in the past." It went on to find that a gift of a percentage of the profits from the property was intended and made.

First, the amended complaint in this action does not allege a gift. Rather it alleges that in August 1972, plaintiff was given a bonus for services performed for the corporate defendant. That bonus, in part, allegedly consisted of the assignment of 10% of the profits on the property in question here. Specifically, paragraphs 9 through 14 of the amended complaint allege the following:

"9. In August, 1972, Plaintiff was given a bonus in addition to his regular salary, for his services performed for R & R, Inc.

"10. Said bonus, in part, consisted of an assignment by Rosenthal, acting individually and as Chairman of the Board of Directors of R & R, Inc., of ten (10%) percent of Rosenthal's realized profit on the Quogue Property, after deducting all expenses and carrying charges.

"11. Alternatively, said bonus, in part, consisted of an agreement by Rosenthal, acting individually and as Chairman of the Board of Directors of R & R, Inc. to pay Plaintiff ten (10%) percent of Rosenthal's realized profit on the Quogue Property, after deducting all expenses and carrying charges.

"12. In consideration of the agreement by Rosenthal to pay plaintiff ten (10%) percent of Rosenthal's realized profit on the Quogue Property, plaintiff agreed to forego an immediate cash bonus.

"13. In consideration of the agreement by Rosenthal to pay plaintiff ten (10%) percent of Rosenthal's realized profit on the Quogue Property, plaintiff agreed to continue his employment as Executive Vice President of R & R, Inc.

"14. The aforementioned assignment, or agreement, was set forth in a letter dated August 1, 1972 from Rosenthal to Plaintiff, a copy of which is annexed hereto as Exhibit 'A' and incorporated herein and made a part hereof."

Second, the papers in support of the present motion for summary judgment do not allege a gift. In his affidavit in support of the motion for summary judgment, sworn to on May 20, 1987, plaintiff states that in lieu of a cash bonus, he received a bonus consisting of 10% of the profit of the individual defendant Rosenthal with respect to the property. Paragraph 16 of the said affidavit reads as follows: "16. In August of 1972 I accepted as my bonus, in lieu of a cash bonus, the ten (10%) percent of Rosenthal's profit with respect to the Quogue Property. I continued to act as Executive Vice-President for more than thirteen years, relying upon the good faith of Rosenthal to properly account to me and pay me my percentage when the Quogue Property was sold."

In his affidavit opposing the motion for summary judgment, sworn to on June 4, 1987, defendant Imre Rosenthal states that the August 1, 1972 letter was not written to give the plaintiff a bonus for services performed for the corporate defendant. He states that the letter was written to reward the plaintiff for personal services which the plaintiff had rendered to the individual defendant. Paragraph 6 of the said affidavit reads as follows: "6. I have considerable personal means. It is and always has been my habit to reward people who render personal services to me. The only reason that I executed and delivered to Mr. Rubenstein the letter of August 1, 1972 was to recognize and reward him for the advice which he rendered to me over the years of our association prior to that date. At no time was the letter intended to be a bonus to Mr. Rubenstein from Rosenthal & Rosenthal, Inc. nor was it given to him in order to induce him to forego a cash bonus from that corporation or to induce him to remain an employee thereof."

In my view, the opposing contentions of the parties, specifically plaintiff's contention that the August 1, 1972 letter was a bonus for services rendered to the corporate defendant and the individual defendant's contention that said letter had nothing to do with services rendered to the corporate defendant, raise triable issues with respect to the intentions and actions of the parties. Moreover, there is no sworn document or, in fact, any document in this record which establishes that a gift was intended. If plaintiff now contends that a gift was intended, an amendment to the complaint should be made.

The present case is clearly distinguishable from *Speelman v Pascal* (10 NY2d 313 [1961]), which the majority contends is controlling here. In *Speelman (supra,* at 316), a single cause of action was pleaded, namely that the deceased had given a gift to the plaintiff of a percentage or percentages of his share of profits from various productions of the " 'Pygmalion Musical stage version' ". Here, on the other hand, plaintiff pleaded five different theories of action in five separate causes of action, namely, moneys had and received, breach of contract, fraud, an accounting and a constructive trust. Nevertheless, plaintiff seeks recovery on a sixth, unpleaded cause of action.

The most cogent factor against a summary judgment ruling of a gift is contained in the papers signed and sworn to by the plaintiff himself, papers which include a complaint, an amended complaint and an affidavit in support of the plaintiff's motion for summary judgment. In none of those documents does plaintiff allege that he received a gift in 1972. Thus from 1972 until a memorandum was submitted in support of the motion for summary judgment in May 1987 (a memorandum which is not a part of the record on appeal), plaintiff did not contend he had received a gift.

While the majority correctly contends that a court can amend the pleadings to conform to the proof if the proof is sufficient and no prejudice is shown, here the proof consists only of the 1972 letter without anything else even from the plaintiff.