Francis R. Knight, Respondent, v Lane W. Knight, Appellant.

Third Department, October 22, 1992

**APPEARANCES OF COUNSEL**

*Lynch & Lynch (Michael C. Lynch* of counsel), Albany, for appellant.

*Stafford, Trombley, Purcell, Lahtinen, Owens & Curtin, P. C. (Irving Goldman* of counsel), Plattsburgh, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Plaintiff and defendant are brothers, the only children of Elizabeth Knight Prellwitz. Prellwitz's father, Gerould Lane, died in 1961, a resident of California, leaving a will creating testamentary trusts which, as relevant to this appeal, were to be continued for the benefit of Prellwitz during her lifetime, with the remainder to be distributed to plaintiff and defendant upon Prellwitz's death. On July 4, 1985, defendant executed a writing stating his "wish to make a gift of $40,000 to [plaintiff] * * * to come from [the Lane trust] * * * in partial recompense for the years [plaintiff] kept the [family

business] operable, thus preventing the note co-signed by [Prellwitz] from being called and our losing our home". Prellwitz and plaintiff also executed the instrument, in plaintiff's case to signify that he "accept[ed] this gift in the spirit in which it [was] intended". Prellwitz died May 16, 1986, thereby effecting termination of the trusts created under Lane's will.

Upon defendant's subsequent refusal to pay the $40,000, plaintiff commenced this action in May 1989 to enforce the July 4, 1985 document. Defendant asserted as affirmative defenses, *inter alia,* that the July 1985 instrument was procured as the result of duress, fraud and undue influence and that the spendthrift provision of the Lane will prevented alienation of defendant's remainder interest therein. Following a nonjury trial, Supreme Court dismissed all of the affirmative defenses and rendered a verdict in favor of plaintiff, finding that delivery of the July 1985 instrument effected a valid present gift of a future interest, that the gift did not violate the spendthrift provision of the Lane will because plaintiff sought payment after termination of the trusts, and that defendant failed to establish that the gift was procured by fraud, deceit or duress. Defendant appeals.

■ ■ Initially, we find abundant support in the record for Supreme Court's determination that delivery of the July 1985 instrument to plaintiff constituted a valid, complete, present gift to plaintiff by way of assignment of a $40,000 share of the ultimate distribution to defendant from the Lane trusts *(see, Speelman v Pascal,* 10 NY2d 313, 317-319; *Rubenstein v Rosenthal,* 140 AD2d 156, 157-158). The language and circumstances surrounding execution of the July 1985 instrument clearly establish the essential elements of intent to make a present transfer, delivery and acceptance *(see, Gruen v Gruen,* 68 NY2d 48, 53; *Speelman v Pascal, supra; Rubenstein v Rosenthal, supra).* We reject the contention that the July 1985 instrument did not constitute a gift because its "foundational premise", that plaintiff's efforts at keeping the family business operable prevented default of Prellwitz's notes and loss of her home, was false. In the absence of material misrepresentation or undue influence *(see,* 62 NY Jur 2d, Gifts, § 57, at 265-267), neither of which are now claimed by defendant, defendant's motivation for making the gift or the wisdom of his making it is irrelevant to the question of whether he intended to make it *(see, Pickslay v Starr,* 149 NY 432, 436-437). Here, defendant's donative intent is clearly expressed in the writing itself *(see, Speelman v Pascal, supra; Rubenstein v Rosenthal, supra).*

■ There is merit, however, to the contention that the gift was rendered void by the spendthrift trust provision of Lane's will. Clause seven (A) (8) of the Lane will provides that "[t]he *interests of beneficiaries in principal* or income shall not be subject to claims of their creditors or others nor to legal process, and *may not be voluntarily* or involuntarily *alienated* or encumbered" (emphasis supplied). Because Lane was a domiciliary of California at the time of his death, the law of that State governs the assignability of interests created under his will *(see, Matter of Acheson,* 28 NY2d 155, 162, *cert denied sub nom. Dowell v Acheson,* 404 US 826). California Probate Code § 15301 (a), applicable to actions commenced on or after July 1, 1987 *(see,* Cal Prob Code § 15001), validates a trust instrument's restraint on the voluntary transfer of trust principal by a beneficiary *(see,* Restatement [Second] of Trusts § 153 [1]; *cf., Matter of Vought,* 25 NY2d 163). Supreme Court was clearly incorrect in its determination that the assignment did not violate the will's spendthrift provision because plaintiff sought payment after termination of the trusts, when defendant was entitled to distribution of his remainder interest. The very same reasoning was rejected by the Court of Appeals in *Matter of Vought (supra)* upon the ground that such a result "would render meaningless any provision providing for inalienability of the principal for, indeed, the beneficial owner has no present interest to be protected but the right to receive the principal at a later date" *(supra,* at 174). As properly reasoned by defendant, Supreme Court's temporal focus should have been on July 4, 1985, the date of the assignment of defendant's interest in the trust, and not the subsequent date of plaintiff's efforts to enforce the assignment.

Finally, we reject the contention that defendant "reaffirmed" the gift in a September 12, 1986 writing. This legal theory was neither pleaded nor advanced in the posttrial briefs submitted to Supreme Court. More important, plaintiff has offered no New York or California authority for the proposition that a void assignment of a remainder interest in trust principal may be subsequently ratified *(cf., Matter of Vought, supra),* and our research discloses none.

MIKOLL, J. P., YESAWICH JR., MERCURE and CREW III, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, and complaint dismissed.