■ LOURDES MOTHERSIL et al., Respondents, v TOWN SPORTS INTERNATIONAL et al., Appellants. [804 NYS2d 687]—

In an action, inter alia, to recover damages for gender discrimination and retaliatory discrimination under Administrative Code of the City of New York § 8-107, the defendants appeal from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated September 29, 2004, as denied that branch of their motion pursuant to CPLR 603 which was to

sever the causes of action asserted by the plaintiff Lourdes Mothersil from the causes of action asserted by the plaintiff Jeanette Curry.

Ordered that the order is affirmed insofar as appealed from, with costs.

The decision whether to grant a severance pursuant to CPLR 603 is a matter of judicial discretion which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking severance (*see Finning v Niagara Mohawk Power Corp.*, 281 AD2d 844 [2001]; *McIver v Canning*, 204 AD2d 698 [1994]; *Guilford v Netter*, 179 AD2d 801 [1992]; *see also Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]). The Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was to sever the causes of action asserted by the plaintiff Lourdes Mothersil from the causes of action asserted by the plaintiff Jeanette Curry. There are common factual and legal issues, and the defendants failed to establish that a single trial would result in it suffering prejudice to a substantial right (*see McCrimmon v County of Nassau*, 302 AD2d 372 [2003]; *Guilford v Netter, supra*; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 111 AD2d 508 [1985]; *McIver v Canning, supra*; *cf. Hickson v Mt. Sinai Med. Ctr.*, 87 AD2d 527 [1982]). Cozier, J.P., Ritter, Goldstein and Lifson, JJ., concur.