■ SUMI CHUANG YEH, Plaintiff, v GUILLERMO UY LEONARDO, Defendants/Third-Party Plaintiffs-Respondents. STATE FARM FIRE AND CASUALTY COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [20 NYS3d 561]—

In an action, inter alia, for permanent injunctive relief and to recover damages for injury to property, the third-party defendant State Farm Fire and Casualty Company appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated October 2, 2014, as, upon granting that branch of its motion which was for leave to reargue that branch of its prior motion which was pursuant to CPLR 603 for an order severing the third-party action insofar as asserted against it from the main action and from so much of the third-party action as was asserted against the third-party defendant Stavros Tsapelas, which had been denied in an order dated December 4, 2013, adhered to so much of the prior determination as denied that branch of its prior motion.

Ordered that the order dated October 2, 2014, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against the defendants alleging, inter alia, that her property suffered damage as a result of the defendants' negligence in maintaining a certain retaining wall. The defendants, in turn, commenced a third-party action against Stavros Tsapelas and State Farm Fire and Casualty Company (hereinafter State Farm). State Farm subsequently moved, among other things, pursuant to CPLR 603 to sever the third-party action insofar as asserted against it from the main action and from so much of the third-party action as was asserted against Tsapelas. The Supreme Court, inter alia, denied that branch of State Farm's motion.

State Farm thereafter moved, inter alia, for leave to reargue that branch of its previous motion which was to sever the third-

party action insofar as asserted against it from the main action and from so much of the third-party action as was asserted against Tsapelas. The Supreme Court granted leave to reargue and, upon reargument, among other things, adhered to so much of its prior determination as denied that branch of State Farm's previous motion.

CPLR 603 provides that "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue." "The determination to grant or deny a request for a severance pursuant to CPLR 603 is a matter of judicial discretion which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking the severance" (*Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d 726, 727 [2006]; *see Mothersil v Town Sports Intl.*, 24 AD3d 424, 425 [2005]).

Here, the Supreme Court providently exercised its discretion in adhering to so much of its prior determination as denied that branch of State Farm's previous motion which was to sever the third-party action insofar as asserted against it from the main action and from so much of the third-party action as was asserted against Tsapelas. Severance is inappropriate where, as here, there are common factual and legal issues involved in the action and the third-party action, and the interests of judicial economy and consistency of verdicts will be served by having a single trial (*see Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d at 727). Furthermore, contrary to State Farm's contention, it failed to establish that a single trial would result in it suffering prejudice to a substantial right, or that any such prejudice could not be mitigated by the trial court with the appropriate jury instructions (*see Zili v City of New York*, 105 AD3d 949, 950 [2013]; *Chiarello v Rio*, 101 AD3d 793, 797 [2012]; *Bentoria Holdings, Inc. v Travelers Indem. Co.*, 84 AD3d 1135, 1137 [2011], *revd on other grounds* 20 NY3d 65 [2012]; *Mothersil v Town Sports Intl.*, 24 AD3d at 425; *accord Hanover Ins. Group v Mezansky*, 105 AD3d 1000, 1001 [2013]). Accordingly, under the circumstances, we must affirm the order insofar as appealed from. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.