Itzkowitz v Ginsburg (2020 NY Slip Op 04466)





Itzkowitz v Ginsburg


2020 NY Slip Op 04466


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-07427
 (Index No. 509504/16)

[*1]Mordechai Itzkowitz, et al., respondents, et al., plaintiffs, 
v
Alan J. Ginsburg, etc., et al., appellants, et al., defendants.


Jacobowitz Newman Tversky LLP, Cedarhurst, NY (Evan M. Newman and Aviva Francis of counsel), for appellants Alan J. Ginsburg, Mega Funding, LLC, Green Apple Cab Company, and GLS Transit, Inc.
Clayman & Rosenberg LLP, New York, NY (Paul S. Hugel and Wayne E. Gosnell of counsel), for appellants Yitzchok Mattis Swerdloff and Dale & Crue, LLC.
Jacob Laufer, P.C., New York, NY (Mark Ellis of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for racketeering and fraud, the defendants Alan J. Ginsburg, Mega Funding, LLC, Green Apple Cab Company, and GLS Transit, Inc., appeal, and the defendants Yitzchok Mattis Swerdloff, and Dale & Crue, LLC, separately appeal, from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated June 12, 2017. The order, insofar as appealed from, denied those branches of those defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging racketeering, racketeering conspiracy, fraud, fraud in the inducement, breach of contract, and unjust enrichment insofar as asserted against each of them, to dismiss the complaint insofar as asserted by the plaintiffs Chaim Nager and Green Medallion One, LLC, as barred by a release, or, in the alternative, to sever the plaintiffs' claims, and granted the cross motion of the plaintiffs Mordechai Itzkowitz, Jeffrey Edelman, Yisroel Grafstein, Yishai Hecht, Nathan Ungar, Asher Fried, Chaim Neger, Eli Segel, Murray Puderbeutel, Amarpreet Singh, Shmuel Laufer, Remmi Services, LLC, Greenish, LLC, Dads Green, LLC, NP Green, LLC, RH Green, LLC, Bambah Gamba Corp., AFFW Fleet I, LLC, RSAAC Fleet, LLC, Green Medallion One, LLC, YCD 1760, LLC, BALR Enterprises, LLC, RJ Capital, LLC, All Boro Transit, Powder Bag, LLC, Sam Express, LLC, and Sahaili Partners, LLC, among others, for leave to amend the complaint.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the motion of the defendants Alan J. Ginsburg, Mega Funding, LLC, Green Apple Cab Company, and GLS Transit, Inc., which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of contract insofar as asserted against the defendant Alan J. Ginsburg, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the respondents payable by the appellants appearing separately and filing separate briefs.
The plaintiffs commenced this action against the defendants by filing a complaint on or about June 6, 2016. The plaintiffs alleged, inter alia, that the defendants, working in concert, induced them to purchase Boro Taxi permits and green taxi cabs by making false representations.
The defendants Alan J. Ginsburg, Mega Funding, LLC, Green Apple Cab Company, and GLS Transit, Inc. (hereinafter collectively the Ginsburg defendants), and the defendants Yitzchok Mattis Swerdloff, and Dale & Crue, LLC (hereinafter together the Swerdloff defendants, and together with the Ginsburg defendants, the defendants), separately moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint or, in the alternative, to sever the plaintiffs' claims. The plaintiffs Mordechai Itzkowitz, Jeffrey Edelman, Yisroel Grafstein, Yishai Hecht, Nathan Ungar, Asher Fried, Chaim Neger, Eli Segel, Murray Puderbeutel, Amarpreet Singh, Shmuel Laufer, Remmi Services, LLC, Greenish, LLC, Dads Green, LLC, NP Green, LLC, RH Green, LLC, Bambah Gamba Corp., AFFW Fleet I, LLC, RSAAC Fleet, LLC, Green Medallion One, LLC, YCD 1760, LLC, BALR Enterprises, LLC, RJ Capital, LLC, All Boro Transit, Powder Bag, LLC, Sam Express, LLC, and Sahaili Partners, LLC (hereinafter collectively the respondents), among others, cross-moved for leave to amend the complaint.
In an order dated June 12, 2017, the Supreme Court, inter alia, (1) denied those branches of the defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging racketeering, racketeering conspiracy, fraud, fraud in the inducement, breach of contract, and unjust enrichment; (2) denied those branches of the defendants' separate motions which were to dismiss the complaint insofar as asserted by Neger and Green Medallion One, LLC, based on a release signed by Neger; (3) denied the alternative branch of the defendants' separate motions which was to sever the plaintiffs' claims; and (4) granted the respondents' cross motion for leave to amend the complaint.
We agree with the Supreme Court's determination to grant the respondents' cross motion for leave to amend the complaint. " In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (US Bank N.A. v Murillo, 171 AD3d 984, 985, quoting Myung Hwa Jang v Mang, 164 AD3d 803, 804 [internal quotation marks omitted]). "The court's exercise of its broad discretion in determining whether to grant leave to amend pleadings will not be lightly disturbed" (Morand v Farmers New Century Ins. Co., 171 AD3d 1167, 1167). Here, the defendants did not allege prejudice, and the respondents' proposed amendment was not palpably insufficient or patently devoid of merit.
Further, we agree with the Supreme Court's determination to deny those branches of the defendants' separate motions which were to dismiss the complaint insofar as asserted by Neger and Green Medallion One, LLC, as barred by a release. "A release may be invalidated . . . for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake'" (Centro Empresarial Cempresa S.A. v America Móvil, S.A.B. de C.V., 17 NY3d 269, 276, quoting Mangini v McClurg, 24 NY2d 556, 563). Whether Neger, as alleged in an affidavit, signed the release under duress is a question of fact that precludes the dismissal of these claims at this juncture.
However, we disagree with the Supreme Court's determination to deny that branch of the Ginsburg defendants' motion which was to dismiss the cause of action alleging breach of contract insofar as asserted against Ginsburg. Ginsburg was not a party to the contract, and "when an agent acts on behalf of a disclosed principal, the agent will not be personally liable for a breach of the contract unless there is clear and explicit evidence of the agent's intention to be bound" (Walz v Todd & Honeywell, Inc., 195 AD2d 455, 455).
The Supreme Court providently exercised its discretion in declining to sever the plaintiffs' claims. " The grant or denial of a request for severance is a matter of judicial discretion, which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking severance'" (Zili v City of New York, 105 AD3d 949, 950, quoting Chiarello v Rio, 101 AD3d 793, 797). "Severance is inappropriate where the claims against the defendants involve common factual and legal issues, and the interests of judicial economy and consistency of verdicts [*2]will be served by having a single trial" (New York Cent. Mut. Ins. Co. v McGee, 87 AD3d 622, 624). Here, the complaint alleged the existence of a common scheme by the defendants to defraud the plaintiffs, and the interests of judicial economy and consistency of verdicts would not be served if the plaintiffs were required to maintain multiple actions.
The defendants' remaining contention is without merit.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court