FPG CH 94 Amity, LLC v Pizzarotti, LLC (2023 NY Slip Op 03852)

FPG CH 94 Amity, LLC v Pizzarotti, LLC

2023 NY Slip Op 03852

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-05068
 (Index No. 512149/19)

[*1]FPG CH 94 Amity, LLC, appellant,
v
Pizzarotti, LLC, et al., respondents.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Robert A. Spolzino and Anthony J. Genovesi, Jr., of counsel), for appellant.
Peckar & Abramson, P.C., New York, NY (Kevin J. O'Connor and Puja Sharma of counsel), for respondent Pizzarotti, LLC.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho, NY (Michael A. Prisco and Mark S. Gamell of counsel), for respondent Fidelity and Deposit Company of Maryland.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated June 9, 2020. The order denied the plaintiff's motion pursuant to CPLR 603 to sever the action insofar as asserted against the defendant Fidelity and Deposit Company of Maryland, and denied the plaintiff's separate motion for summary judgment on the second cause of action.
ORDERED that the order is affirmed, with one bill of costs payable to the defendants.
The background facts and procedural history are more fully set forth in this Court's decision and order in a related appeal (see FPG CH 94 Amity, LLC v Pizzarotti, LLC, _____ AD3d _____ [Appellate Division Docket No. 2020-01173; decided herewith]).
The plaintiff entered into a construction management agreement (hereinafter the CMA) with the defendant Pizzarotti, LLC (hereinafter Pizzarotti), whereby Pizzarotti agreed to construct eight residential townhouses in exchange for a guaranteed maximum price of $14,553,882. In connection with the CMA, the defendant Fidelity and Deposit Company of Maryland (hereinafter Fidelity), as surety, issued payment and performance bonds, each in the sum of $14,553,882, on behalf of Pizzarotti, as principal, in favor of the plaintiff. On January 25, 2019, following delays in construction, the plaintiff and Pizzarotti entered into a "letter agreement." The letter agreement provided, insofar as relevant, that the plaintiff "agree[d] to the substitution of the payment and performance bond . . . for a new maintenance bond covering remedial work after substantial completion under the CMA in the sum of $5,000,000 upon payment of the fourth and last installment [payment]." The letter agreement also provided that "[u]pon [Pizzarotti's] compliance with the terms of this letter, . . . [the plaintiff] shall pay [Pizzarotti], in accordance with the terms of the CMA, all retainages retained up to the date hereof."
In May 2019, the plaintiff commenced this action against Pizzarotti, inter alia, to recover damages for breach of contract. The plaintiff alleged in the second cause of action, to recover damages for breach of the letter agreement, that Pizzarotti breached the letter agreement by failing to properly supervise the progress of the construction and provide critical personnel. In an amended complaint, the plaintiff added Fidelity as a defendant and added a cause of action asserted against Fidelity. Thereafter, the plaintiff moved pursuant to CPLR 603 to sever the action insofar as asserted against Fidelity. The plaintiff separately moved for summary judgment on the second cause of action, alleging breach of the letter agreement, arguing that Pizzarotti breached the letter agreement by failing to proffer a maintenance bond upon substantial completion of the work. In an order dated June 9, 2020, the Supreme Court denied both of the plaintiff's motions. The plaintiff appeals.
Contrary to the plaintiff's contention, its amended complaint did not allege the theory presented in its motion for summary judgment, that Pizzarotti breached the letter agreement by failing to proffer a maintenance bond. Nevertheless, "summary judgment may be awarded on an unpleaded cause of action if the proof supports such cause and if the opposing party has not been misled to its prejudice" (Rubenstein v Rosenthal, 140 AD2d 156, 158; see E. Tetz & Sons, Inc. v Polo Elec. Corp., 129 AD3d 1014, 1015). Here, Pizzarotti failed to demonstrate that it would be prejudiced by consideration of the unpleaded theory asserted on the plaintiff's motion for summary judgment.
"To recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591, 594). Here, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, as its submissions did not eliminate triable issues of fact as to whether the plaintiff's failure to pay retainages to Pizzarotti constituted a breach of the letter agreement, and whether that alleged breach excused Pizzarotti's obligation to provide a maintenance bond. Moreover, the plaintiff's submissions failed to establish, prima facie, that it sustained any actual damages as a result of Pizzarotti's failure to provide a maintenance bond (see Village of Kiryas Joel v County of Orange, 144 AD3d 895, 897). Thus, the Supreme Court properly denied the plaintiff's motion for summary judgment on the second cause of action, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Furthermore, the Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 603 to sever the action insofar as asserted against Fidelity. "The grant or denial of a request for severance is a matter of judicial discretion, which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking severance" (Itzkowitz v Ginsburg, 186 AD3d 579, 582 [internal quotation marks omitted]). "Severance is inappropriate where the claims against the defendants involve common factual and legal issues, and the interests of judicial economy and consistency of verdicts will be served by having a single trial" (New York Cent. Mut. Ins. Co. v McGee, 87 AD3d 622, 624). Here, the causes of action asserted against the defendants involved common factual and legal issues, and the interests of judicial economy and consistency of verdicts would be served by having a single trial (see Mejia v Doe, 186 AD3d 1356, 1357; Sumi Chuang Yeh v Leonardo, 134 AD3d 695, 696; New York Cent. Mut. Ins. Co. v McGee, 87 AD3d at 624). Further, the plaintiff failed to establish that it would suffer prejudice to a substantial right if the cause of action asserted against Fidelity was not severed (see Mejia v Doe, 186 AD3d at 1357; Sumi Chuang Yeh v Leonardo, 134 AD3d at 696).
Pizzarotti's remaining contention is not properly before this Court.
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 603 to sever the action insofar as asserted against Fidelity and the plaintiff's separate motion for summary judgment on the second cause of action.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court