Parkoff v Rieger & Fried, LLP (2025 NY Slip Op 04914)

Parkoff v Rieger & Fried, LLP

2025 NY Slip Op 04914

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-11982
 (Index No. 618315/21)

[*1]David Parkoff, appellant, 
v
Rieger & Fried, LLP, et al., respondents.

Law Offices of Joel J. Ziegler, PLLC, Smithtown, NY, for appellant.
Kaufman Dolowich, LLP, Woodbury, NY (Brett A. Scher and Kari Olszewski of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda Kevins, J.), dated September 20, 2023. The order denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint is granted.
In September 2021, the plaintiff commenced this action against the defendants, his former attorneys, to recover damages for legal malpractice arising out of the defendants' representation of the plaintiff in a matrimonial action against his former spouse. In June 2023, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to add a fifth cause of action.
The proposed amended complaint alleged that during the pendency of the matrimonial action, the plaintiff paid income taxes on the exercise of stock options and restricted stock units issued to him by his employer. The proposed amended complaint further alleged that, while the matrimonial court had determined that the plaintiff was entitled to recover from his former spouse 50% of the taxes paid in the form of a credit on the distributive award, the defendants failed to make a claim for that credit on behalf of the plaintiff. Finally, the proposed amended complaint alleged that, but for this failure, the plaintiff would have been credited $292,760.63 against amounts that he owed his former spouse.
The defendants opposed the motion, arguing, inter alia, that the plaintiff unduly delayed in moving for leave to amend the complaint and, in any event, the proposed amendment was palpably insufficient and patently devoid of merit because the judgment of divorce in the plaintiff's matrimonial action did, in fact, permit the plaintiff the credit he sought. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
A party may amend his or her pleading "at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "Generally, leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay unless the proposed amendment is palpably [*2]insufficient or patently devoid of merit" (Spina v Browning Hotel Props., LLC, 230 AD3d 613, 613 [alteration and internal quotation marks omitted]; see Bisono v Mist Enters., Inc., 231 AD3d 134, 140; Kyung Hee Moon v Owadeyah, 223 AD3d 793, 795). Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint. The proposed amendment was not palpably insufficient or patently devoid of merit because, while the judgment of divorce in the plaintiff's matrimonial action provided that the plaintiff was entitled to the subject credit, the judgment of divorce required that "[t]he parties shall exchange proof of said expenses within 30 days." The proposed amendment sufficiently alleged that the defendants negligently failed to make a claim for the credit on the plaintiff's behalf in the manner envisioned by the judgment of divorce.
Moreover, while the defendants contend that the plaintiff unduly delayed in moving for leave to amend the complaint, "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Itzkowitz v Ginsburg, 186 AD3d 579, 581 [internal quotation marks omitted]; see CPLR 3025[b]). The burden of demonstrating prejudice or surprise falls upon the party opposing the motion (see U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541-542; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 762). Here, the defendants did not allege prejudice (see Itzkowitz v Ginsburg, 186 AD3d at 579; Guangzhou Sanhua Plastic Co., Ltd. v Fine Line Prods. Corp., 165 AD3d 899).
Accordingly, the plaintiff's motion for leave to amend the complaint should have been granted (see Itzkowitz v Ginsburg, 186 AD3d at 579).
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court